# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| Kathy Wooden, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:22-cv-424 |
| Webcollex, LLC, a Virginia limited liability company, d/b/a CKS Financial, and Crown Asset Management, LLC, a Georgia limited liability company, | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Kathy Wooden, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' extensive business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendants transact business here.

## PARTIES

3. Plaintiff, Kathy Wooden ("Wooden"), is a citizen of the State of Missouri, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed for a Woman Within/Comenity Bank credit card account, despite the fact that she had refused to pay the debt and requested that communications cease.

4. Defendant, Webcollex, LLC, d/b/a CKS Financial ("CKS"), is a Virginia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. CKS operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri.

5. Defendant, Crown Asset Management, LLC ("Crown"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Crown operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri.

6. Defendant Crown is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar. Defendant Crown's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Both Defendants were acting as debt collectors regarding the debt they tried to collect from Ms. Wooden.

8. Defendants Webcollex, d/b/a CKS Financial and Crown are authorized to conduct business in the State of Missouri, and maintain registered agents here, see, records from the Missouri Secretary of State, attached as Group Exhibit A. In fact, Defendant CKS and Crown conduct business in Missouri.

## FACTUAL ALLEGATIONS

9. Ms. Wooden is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Woman Within/Comenity Bank credit card account. In response to her financial problems, Ms. Wooden sought the assistance of the attorneys at Legal Advocates for Seniors and People with Disabilities, regarding her debt problems, including the Woman Within/Comenity Bank debt.

10. Thereafter, Defendant Crown bought/obtained Ms. Wooden's alleged Woman Within/Comenity Bank debt and had another debt collector, Defendant CKS attempt to collect this debt from Ms. Wooden by sending her a collection letter, dated June 10, 2022, demanding payment of the Woman Within/Comenity Bank debt. A copy of this letter is attached as Exhibit B.

11. Accordingly, on June 20, 2022, Ms. Wooden's attorneys informed Defendants that they represented Ms. Wooden, that she refused to pay the debt, and that Defendants should cease communications. A copy of this email letter is attached as Exhibit C.

12. The letter from Ms. Wooden's attorney was sent via email to the email address listed on CKS Financial's website for contact and was not returned as undeliverable, see, printout of Defendant CKS's website attached as Exhibit D.

13. Nonetheless, on June 23, 2022, Defendants directly called Ms. Wooden from telephone number 816-2727-4820, regarding collection of the Woman Within/Comenity Bank debt.

14. Accordingly, on June 23, 2022, Ms. Wooden's attorneys had to inform

Defendants, in writing yet again, via email, that they represented Ms. Wooden, that she refused to pay the debt, and that Defendants should cease communications. A copy of this letter is attached as Exhibit E.

15. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

## ARTICLE III STANDING

16. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

17. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c).

18. Moreover, Defendants' continued direct collection actions, which invaded Plaintiff's right to counsel, were also a direct invasion of Ms. Wooden's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the

4

common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

19. Defendants' collection actions alarmed, confused and emotionally distressed Ms. Wooden, invaded her right to privacy and her right to be represented by counsel, caused her to act to her detriment, and cost her out-of-pocket expenses.

20. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Peters v. Gen. Serv. Bureau, 277 F.3d 1051, 1055 (8th Cir. 2002).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23. Here, the letter from Plaintiff's attorneys to the Defendants told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice, in writing, directly to Defendants, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly calling Plaintiff on June 23, 2022, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Kathy Wooden, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wooden, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kathy Wooden, demands trial by jury.

                                        Kathy Wooden,

                                        By: s/ James R. Crump_____
                                        One of Plaintiff's Attorneys

                                        By: s/ David J. Philipps_____
                                        One of Plaintiff's Attorneys

Dated: June 30, 2022

James R. Crump    (#65514)
Ryan M. Callahan   (#62666)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps   (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps   (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com